UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS INCORPORATED, a Tennessee Corporation, and Does 1-50, inclusive,<br><br>Defendant. | Case No.: 15cv2717-JAH (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 38)** |

## **INTRODUCTION**

Pending before the Court is Defendant Saks Incorporated's ("Defendant") motion to dismiss Plaintiff Randy Nunez's ("Plaintiff") Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 38. Defendant also moves to dismiss the complaint for a lack of standing pursuant to rule 12(b)(1). Id. Plaintiff filed an opposition to the motion. Doc. No. 39. After a careful review of the pleadings filed by both parties, the Court **GRANTS** Defendant's motion to dismiss with prejudice.

//
//
//

1

# BACKGROUND

Defendant filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") on February 15, 2016. Doc. No. 11. The Court issued an order **GRANTING** Defendant's motion to dismiss Plaintiff's FAC.[1] Doc. No. 33. Plaintiff timely filed a Second Amended Complaint ("SAC") Doc. No. 34. Thereafter, on June 15, 2017, the parties filed a joint motion for leave to file a Third Amended Complaint ("TAC"). Doc. No. 36. The Court granted the joint motion on June 16, 2017. Doc. No. 37. On July 17, 2017, Defendant filed a motion to dismiss Plaintiff's TAC for failure to state a claim and lack of jurisdiction. Doc. No. 38.

# LEGAL STANDARD

## I. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing

---

[1] The Court addressed the case's prior procedural history in its order granting Defendant's motion to dismiss Plaintiff's FAC. Doc. No. 33.

that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### i. Standing

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.,* "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976))(alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1). Nichols v. Brown, 859 F. Supp. 2d 1118. 1127 (C.D. Cal. 2012).

### II. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

//
//
//
//

4

### III. Federal Rule of Civil Procedure 9(b)

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994); see also <u>Vess v. Ciba-Geigy Corp.</u>, U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth the "who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

## DISCUSSION

The Court addresses whether Plaintiff has standing to assert his claims against Defendant and whether Plaintiff has properly plead his allegations under the heightened standard of Federal Rule of Civil Procedure 9(b).[2]

### I. Standing

Defendant argues Plaintiff lacks standing to assert claims for products he did not purchase and representations he did not rely on. Doc. No. 38-1 at pgs. 11-13. Defendant also argues Plaintiff lacks standing for injunctive relief because Plaintiff does not face imminent or future harm. Doc. No. 38-1 at pgs. 13-14.

As previously stated in the Court's order granting Defendant's motion to dismiss Plaintiff's FAC, a necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in

---

[2] Because the Court finds that Plaintiff lacks standing and has failed to plead his TAC with the particularity required by Rule 9(b), the Court will not address the balance of Defendant's motions.

5

15cv2717-JAH (WVG)

the lawsuit." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, 205 F.3d 1146, 1152 (9th Cir. 2000). To satisfy the standing requirement, both the UCL and the CLRA require a plaintiff to allege they have suffered economic injury and that the economic injury was caused by the unfair business practice or false advertising that is the mainstay of the claim. See Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 321 (2011); Stearns v. Ticketmaster Corp., 655 F.3d 1013 (9th Cir. 2011).

Defendant argues that Plaintiff's allegations remain unchanged and are overbroad. Doc. No. 38-1 at pg. 11. Defendant argues that plaintiffs in a putative class action do not have standing under Article III to assert claims for items they did not purchase. Id. at pgs. 11-12. Defendant also argues that numerous district courts in the Ninth Circuit now implement a bright line rule where the named plaintiff of a putative class action "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon." See Id.; see also Johns v. Bayer Corp., No. 09CV1935DMSJMA, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010); Granfield v. NVIDIA Corp., No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012); Hairston v. S. Beach Beverage Co., No. CV 12-1429-JFW DTBX, 2012 WL 1893818 (C.D. Cal. May 18, 2012).

Plaintiff reiterates that he purchased a pair of black penny slip-on shoes from Defendant. Doc. No. 36-2 at pg. 7. Plaintiff narrows the scope of his allegations by arguing that deceptive practices occurred only at Saks Off Fifth outlet stores, but still attempts to represent all "similarly situated" individuals who purchased a Saks Fifth Avenue labeled product from OFF 5TH locations in California after being exposed to material from Saks's marketing campaigns. Id. at pg. 3; Id. pgs. 15-18. Defendant argues that Plaintiff still seeks to represent individuals regardless of the similarity of items purchased, a factor previously deemed important by the Court, and thus still does not have standing. Id. at pgs. 11-14. Defendant maintains that Plaintiff does not properly plead what advertisements are allegedly misleading. Id. In the TAC, Plaintiff adds arguments that purport to show

6

the different markdowns of Saks shoes at two Saks Off Fifth locations in San Diego County. Id. Otherwise, however, Plaintiff argues the same allegations already addressed in the Court's order granting Defendant's motion to dismiss FAC. Doc. No. 36-2.

This Court finds Plaintiff lacks standing to assert a claim of putative class representation in the instant matter. While the standard for reviewing standing at the pleading stage is lenient, the Court reiterates that a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing. See Schmeir v. U.S. Ct. of Appeals for the Ninth Cir., 279 F.3d 817, 820 (9th Cir. 2001). The Court finds that Plaintiff's TAC did not remedy the deficiencies of the FAC.

## II. Plaintiff Claims Fail under the Rule 9(b) Standard

Defendant argues Plaintiff's claims fail because Plaintiff does not plead his claims with the specificity required under Rule 9(b). Doc. No. 38-1 at pgs. 15-22. Claims grounded in fraud must set forth allegations "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04, 1108 (9th Cir. 2003) (applying Rule 9(b) when the allegations in the complaint described fraudulent conduct); In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 903 F. Supp. 2d 942, 967, n. 20 (S.D. Cal. 2012) ("Rule 9(b)'s heightened pleading standards apply equally to claims for violation of the UCL . . . that are grounded in fraud"). As noted above, under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This requires allegations of fraud to include the "who, what, when, where, and how" of the circumstances giving rise to the claim. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted).

Defendant maintains Plaintiff's complaint pleads generally vague and conclusory allegations, which fail to identify the "who, what, when, where and how" of Defendant's misconduct. Doc. No. 38-1 at pg. 21. Defendant argues Plaintiff has failed to allege how

7

1  Defendant's pricing was false or misleading.  Doc. No. 38-1 at pgs. 16-20.  Plaintiff still does not note the specific content of the allegedly misleading advertising and marketing he viewed, which specific representations were false, or which information was omitted from the representations provided.  Doc. No. 38-1.

Plaintiff maintains the allegations detail that Defendant fraudulently misrepresented and concealed information about its merchandise, which allegedly caused subsequent damages to Plaintiff and to the class.  Doc. No. 36-2 at pgs. 8-18.  Plaintiff posits the allegations describe the product he purchased, when and where he purchased the product, and how he was misled by the product.  Id. at pgs. 7-10.  Plaintiff contends he relied on the shoes' label that indicated he was saving forty-four percent of the market price, and that the label prompted him to buy the shoes.  Id. at pg. 7.

In reply, Defendant maintains that Plaintiff fails to identify a misrepresentation and that Plaintiff fails to identify how Defendant's advertisement was false.  Doc. No. 38-1 at pgs. 16-20.  Defendant argues that Plaintiff fails to plead with specificity what product he purchased.  Id. at pgs. 20-22.  Defendant posits Plaintiff lacks standing and should not be given injunctive relief because Plaintiff does not face any imminent harm.  Id. at pgs. 11-14.

The Court finds Plaintiff fails to sufficiently allege the "who, what, where, how and why" of Defendant's misconduct to sufficiently give notice so that Defendant may adequately defend against the allegations.  The pleadings do not allege with specificity how Defendant misrepresented its prices, nor do the pleadings provide specific examples in which Defendant has misrepresented its prices and fraudulently advertised its pricing.  Thus, the Court finds that Plaintiff's TAC did not remedy deficiencies from the FAC that would demonstrate Plaintiff plead with particularity under the 9(b) heightened standard.

//
//
//
//

8

# CONCLUSION AND ORDER

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss Plaintiff's TAC (Doc. No. 38) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: November 28, 2017

JOHN A. HOUSTON
United States District Judge