UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS INCORPORATED, a Tennessee Corporation, and Does 1-50, inclusive,<br><br>Defendant. | Case No.:  15-CV-2717 JAH(WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE [Doc. Nos. 61, 62, 63]** |

## INTRODUCTION

Pending before the Court are Defendant Saks' Incorporated's ("Defendant") motion to dismiss Plaintiff's Fourth Amended Class Action Complaint ("FACC") in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Defendant's motion to strike pursuant to Federal Rule of Civil Procedure 12(f).  Plaintiff Randy Nunez ("Plaintiff") filed oppositions to the motions, and Defendant filed replies.  After a thorough review of the parties' submissions and for the reasons discussed below, the Court DENIES Defendant's motion to dismiss and GRANTS IN PART Defendant's motion to strike.

## BACKGROUND

Plaintiff originally filed a complaint on December 3, 2015.  Following this Court's order granting the Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint

with prejudice on December 1, 2017, Plaintiff appealed. On appeal, the Ninth Circuit reversed the Court's dismissal of Plaintiff's Third Amended Complaint with prejudice and remanded the matter for further proceedings. *See* Mandate (Doc No. 59). The Ninth Circuit determined Plaintiff "has both Article III and statutory standing to pursue his individual claims for damages" and satisfied "Federal Rule of Civil Procedure 9(b)'s peculiarity requirement for his claims under the FAL, CLRA, and UCL" and determined Plaintiff "should be allowed to amend his complaint to allege facts supporting standing to pursue injunctive relief on remand." Mandate at 2, 3 (Doc. No. 59).

Plaintiff, thereafter, filed his FACC. *See* Doc. No. 58. Plaintiff asserts claims for violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et. seq.*, False Advertising Law ("FAL"), California Business & Professions Code section 17500, *et seq.*, and Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, *et seq.* Plaintiff alleges Defendant employs false and misleading reference prices, advertised discounts, and a deceptive pricing scheme for the marketing and sale of its Saks Fifth Avenue-branded merchandise at its Off Fifth outlet stores. FACC ¶¶ 2, 3, 5, 6, 8, 9, 10, 23, 33, 35-38. Further, Plaintiff alleges he suffered economic injury in purchasing Saks Fifth Avenue-branded shoes from the Defendant. *Id*. ¶¶ 39-40. Plaintiff seeks to prohibit Defendant's future use of the alleged false and misleading retail price comparisons for the labeling, advertising, and packaging of Defendant's merchandise, and seeks to represent a putative class of all individuals across the nation with previous purchases of Saks-branded products from the Off Fifth outlet stores in California. *Id*. ¶¶ 9, 10, 31, 42.

//
//
//
//
//
//

# DISCUSSION

## I. Motion to Dismiss

Defendant seeks dismissal of Plaintiff's Fourth Amended Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).[1]

### A. Legal Standards

#### 1. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

#### 2. 12(b)(6)

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6)

---

[1] Defendant's motion to dismiss includes a request for judicial notice of court records filed in *Nunez v. Best Buy Co.*, Inc., No. 15-cv-3965 (D.Minn. Oct. 29, 2015), *Nunez v. Supervalu, Inc.*, No. 13-cv-0626 (S.D.Cal. Mar. 15, 2013), *Nunez v. NBTY, Inc.*, No. 13-cv-0495 (S.D.Cal. Mar. 1, 2013), *Nunez v. Microsoft Corp.*, No. 07-cv-02209 (S.D.Cal. Nov. 20, 2007), *Nunez v. Conagra Foods, Inc.*, No. 06-cv-1012 (S.D.Cal. May 9, 2006), and *Davidson v Kimberly-Clark*, No. 14-cv-01783 (N.D.Cal. April 17, 2014) pursuant to Federal Rule of Evidence 201. Because the documents are publicly available and not subject to reasonable dispute, the request is GRANTED. *See* Fed.R.Evid. 201.

authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading

could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**B. Analysis**

Defendant argues the complaint should be dismissed because Defendant did not advertise a former price but a "Market Price" and Plaintiff did not allege the "Market Price" was incorrect. Additionally, Defendant argues Plaintiff knew the "Market Price" did not represent the former price of the shoes at the time of his purchase and, therefore, has suffered no injury and fails to allege reliance and causation as required. Defendant also argues Plaintiff is not entitled to equitable relief.

In opposition, Plaintiff argues this Court lacks jurisdiction to entertain any further challenge to Article III and statutory standing, and he states claims for violations of the UCL, FAL and CLRA, and he has standing to seek injunctive relief.

**1. Standing**

Defendant argues Plaintiff cannot establish standing because he suffered no injury in fact and he suffered no injury traceable to Defendant's conduct. Defendant maintains the allegations of the complaint demonstrate Plaintiff's counsel investigated the pricing of the shoes prior to Plaintiff's purchase and, therefore, counsel knew the "Market Price" was not the former price of the shoes. Additionally, Defendant maintains current counsel has represented Plaintiff continuously for years regarding similar claims and was representing Plaintiff at the time of counsel's investigation. Because counsel's knowledge is imputed to Plaintiff, Defendant argues Plaintiff suffered no injury. Defendant further argues any injury Plaintiff suffered as a result of purchasing the shoes is attributable to Plaintiff himself. In opposition, Plaintiff contends this Court lacks jurisdiction to entertain Defendant's challenge to Plaintiff's Article III and statutory standing to pursue his claims for damages and restitution pursuant to the mandate rule.

The rule of mandate prevents a district court from varying or examining a mandate of an appellate court "for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (citing *United States v. Cote*, 51 F.2d 178, 181 (9th

Cir. 1995)). A district court may, however, "decide anything not foreclosed by the mandate." *Id*. (citing *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).

Plaintiff maintains Defendant argued before the Ninth Circuit that Plaintiff's injury was self-inflicted, and therefore, it did not confer standing. He maintains, the Ninth Circuit considered and rejected Defendant's challenge to Plaintiff's standing when it held Plaintiff has Article III and statutory standing to pursue his claims for damages and restitution. As such, he argues, the Court lacks jurisdiction to entertain any further challenge to standing. Additionally, Plaintiff argues the Ninth Circuit rejected Defendant's contention that Plaintiff's injury is not fairly traceable to Defendant's conduct.

Defendant contends the Ninth Circuit did not rule on the question and, therefore, the rule of mandate does not foreclose a decision from this Court. Defendant maintains nothing in the Ninth Circuit's decision addresses its argument regarding Plaintiff's self-harm and during oral argument, the court explicitly refrained from addressing whether Plaintiff's purposeful self-harm destroyed his claims.

In the mandate, the Ninth Circuit held that Plaintiff

> has both Article III and statutory standing to pursue his individual claims for damages under California's False Advertising Law (FAL), Consumer Legal Remedies Act (CLRA), and Unfair Competition Law (UCL). He alleges sufficient economic injury: that he purchased a pair of Saks Fifth Avenue branded shoes and that he would not have purchased the shoes but for his reliance on the allegedly fictitious inflated "Market Price" on the shoes' price tag.

Mandate at 3 (Doc. No. 59). The mandate is silent as to the Defendant's self-harm standing argument. As indicated by Defendant, during oral argument, a member of the panel briefly addressed whether it was appropriate for Defendant to discuss the standing argument and stated Defendant could make the argument before the district court if the case was remanded. Nevertheless, this Court is required to follow the mandate and must refrain from varying or examining it except to the extent necessary to execute its directive. The discussion during argument was not adopted in the mandate and will not be considered by this Court. The mandate explicitly holds that Plaintiff has Article III and statutory standing.

1  If this Court determined Plaintiff lacks standing, even for different grounds, it would
2  contravene the Ninth Circuit's holding.  Accordingly, Defendant's motion to dismiss for
3  lack of standing is denied as beyond the scope of the mandate.
4  **2.  State a Claim**
5        Defendant maintains Plaintiff cites to California's Former Price Law which prohibits
6  false former pricing and FTC regulations which requires the original price to be the bona
7  fide price at which the defendant formerly sold the merchandise in support of his claims
8  and alleges Off 5th products are labeled with a "Market Price" and that there is no
9  allegation any Off 5th products are labeled with a "former price" or "original price."
10 Defendant argues "Market Price and "former price" are not synonymous and FTC
11 regulations contemplate and approve of price comparisons based on market prices.
12 Defendant contends Plaintiff improperly attempts to limit the market for the shoes to only
13 Off 5th stores and maintains the price tag on the shoe is a comparison based on the prices
14 charged by others in the marketplace for black leather penny loafers.  Defendant argues
15 Plaintiff's allegation that the "Market Price" is synonymous with the "original price" or
16 "former price" fails as a matter of law, and therefore, the FAL, UCL and CLRA claims
17 must be dismissed.
18       Defendant further argues the complaint must be dismissed because Plaintiff does not
19 allege the "Market Price" was incorrect.  Defendant maintains Plaintiff concedes the
20 "Market Price" is like a Manufacturer's Suggested Retail Price ("MSRP") and argues the
21 Ninth Circuit has held price tags suggesting consumers compare product price to MSRP
22 are not inherently false or deceptive.  Defendant contends "Market Price" like the MSRP
23 are not inherently deceptive because there are no allegations to show the representations
24 would deceive a significant portion of the general public.  Because Plaintiff does not allege
25 how the term "Market Price" was deceptive, the complaint should be dismissed.
26       In opposition, Plaintiff argues he alleges two specific misrepresentations, (1)
27 Defendant misrepresented the "Market Price" of its Saks Fifth Avenue-branded
28 merchandise at Off 5th stores and (2) because the "Market Price" was false, Defendant

misrepresented the amount of the discount consumers receive. Plaintiff argues he states a claim under the UCL's fraud prong, the FAL and the CLRA because he plausibly alleges Defendant's discount pricing scheme is likely to deceive the reasonable consumer, that he relied upon the misrepresentations and the pricing scheme caused his injury.

He further alleges he states a claim under the unlawful prong because he plausibly alleges Defendant's pricing scheme violate the FAL, CLRA, FTC Act and California's former price law. Plaintiff also contends Defendant does not challenge Plaintiff's claim under the UCL's unfairness prong.

**a. Legal Standards**

California's UCL prohibits "unfair competition" which includes any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200; *see also Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (explaining that the statute is violated where a defendant's act or practice is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of section 17500 ("FAL")). Each "prong" of the UCL provides a separate and distinct theory of liability. *Id*. To state a claim under the "fraudulent" prong, a plaintiff must allege "members of the public are likely to be deceived" by the defendant's business practices. *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167 (2000). The "unlawful" prong "borrows" violations of other laws and makes them independently actionable under the UCL. *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163 (1999). An "unfair" business practice is one that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws, or otherwise significantly threatens or harms competition." *Id*. at 187.

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices ... intended to result or which results in the sale ... of goods or services... to any consumer." Cal. Civ. Code § 1770(a).

The FAL prohibits the dissemination of any advertisement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be

known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "The statute has been interpreted broadly to encompass 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (citing *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Conduct is considered deceptive or misleading if the conduct is "likely to deceive" a "reasonable consumer." *Williams*, 552 F.3d at 938; *see also Colgan v. Leatherman Tool Group, Inc.,* 135 Cal.App.4th 663, 682 (2006). Therefore, when determining whether a complaint should be dismissed at the pleading stage, claims for violation of the FAL, CLRA, and the fraudulent prong of the UCL are often analyzed simultaneously. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F.Supp.2d 942, 985 (S.D. Cal. 2014).

**b. Analysis**

**i. Plaintiff's Allegations Regarding the Pricing Scheme**

Plaintiff alleges Defendant advertises its merchandise for sale at its Off 5th stores by attaching a price tag that includes a fictional "Market Price" that is crossed out and beneath it is listed a "You Pay" price which is substantially discounted from the "Market Price." FACC ¶¶ 3, 23. The price tag also includes a percentage of savings to the customer. *Id*. ¶ 3. Plaintiff asserts the "Market Price" is a fiction because the Saks Fifth Avenue-branded merchandise is only sold in Off 5th stores and the merchandise is never offered for sale at the "Market Price." *Id*. ¶¶ 7, 8, 17, 22, 24. Instead, Plaintiff asserts, Defendant utilizes the false reference "Market Price" to manufacture a discounted sale price and communicate to consumer the products have greater value than the "You Pay" price. *Id*. ¶¶ 24, 27, 35. Plaintiff alleges Defendant's pricing scheme violated California, federal and other state laws prohibiting advertising goods for sale as discounted from former prices that are false and prohibiting misleading statements about the existence and amount of price reductions. *Id*. ¶ 9.

Plaintiff further alleges he purchased a pair of Saks Fifth Avenue-branded all leather, black, Penny Slip Ons, size 11 M with rubber bottom soles after examining the price tag that listed the "Market Price" of the shoes as "$145.00" and the "You Pay" price of "$79.99" and a "44% Savings." *Id*. ¶ 15. He alleges, upon examining the price tag, he believed he was purchasing a pair of shoes that had a value significantly higher than the $79.99 purchase price. *Id*. ¶ 16.

Plaintiff alleges he was misled by the price tags and believed he was getting the shoes at a deeply discounted price but the shoes were never offered at the "Market Price" listed on the tags. At this stage of the proceedings, the Court finds Plaintiff sufficiently alleges the "Market Price", "You Pay" and other information on the price tags of merchandise at the Off 5th stores is likely to deceive a reasonable consumer.

**ii. Causation or Reliance**

Defendant argues Plaintiff's decision to purchase the shoes, after a monthslong pre-purchase investigation by the lawyer already representing him, renders his purported reliance on any representation implausible and unreasonable. Defendant maintains Plaintiff knew the "You Pay" price was the "consistent" selling price and knew the "Market Price" was not the former price before he purchased the shoes and therefore, he cannot plausibly allege reliance on the representations made on the price tag. Nor can he plausibly allege the pricing caused him any injury.

Plaintiff contends he alleges he relied upon Defendant's artificially inflated "Market Price" and false discounts when purchasing the shoes and would not have made such purchase, but for Defendant's representations regarding the false "Market Price" and the fictitious sales price of the merchandise.

In the complaint, Plaintiff alleges he relied on the "Market Price" and false discounts when he purchased the shoes and he would not have purchased them but for Defendant's representations regarding the fictitious sales price. FAC ¶ 39, 58. He further alleges he reasonably relied on the price differences advertised by Defendant and purchased the shoes believing he was receiving a discount. *Id*. ¶ 40, 58. Assuming the truth of the allegations,

as the Court must do at this stage of the proceedings[2], Plaintiff sufficiently alleges reliance and causation to support his claims.

Accordingly, his allegations sufficiently state claims for violation of the FAL, CLRA and fraudulent prong of the UCL.  Because Plaintiff plausibly alleges violation of the FAL and CLRA, he also states a claim under the unlawful prong of the UCL.  To the extent Defendant moves to dismiss the claim under the unfair prong of the UCL based upon its argument Plaintiff's allegations it engaged in misleading and deceptive pricing fail, the motion is denied.

### iii. Equitable Relief

Defendant argues Plaintiff is not entitled to equitable relief because there is an adequate remedy at law.  Plaintiff argues his claims for equitable relief are appropriately pleaded in the alternative.

At this stage of the proceedings, the Court finds it is unclear whether damages will adequately address the harm alleged.  As such, Plaintiff may plead equitable relief in the alternative.  *See Jeong v. Nexo Financial LLC*, 2022 WL 174236 (N.D.Cal. Jan. 19, 2022) (Determining the plaintiff may plead equitable claims in the alternative at the pleading stage).

### iv. Injunctive Relief

Defendant argues Plaintiff's claim for injunctive relief should be dismissed because he faces no imminent harm.  Defendant maintains Plaintiff's claims are based upon the price of the products and the meaning of "Market Price."  Because Plaintiff now knows that "Market Price" does not mean original price, he can no longer be deceived and he can investigate and determine for himself whether a "Market Price" is the original price.  As such, Defendant argues, Plaintiff fails to allege he will be harmed in the future.

In the FACC, Plaintiff alleges he

---

[2] *See Thompson*, 295 F.3d at 895.

would like to purchase Saks Fifth Avenue-branded merchandise from Off Fifth in the future, but he currently cannot trust that Defendant will label such merchandise with truthful price information in compliance with California law. Given the surreptitious nature of Defendant's fraudulent pricing scheme, Plaintiff cannot know whether Defendant's purported "Market Price" represents a bona fide price or a false reference price, or whether Defendant's claim that the "You Pay" price represents a significant discount is true or false. If Defendant agrees to voluntarily change its practices, or if Defendant is ordered to do so by a court of competent jurisdiction, such that Plaintiff can reasonably trust that Defendant's price tags will contain truthful price information in compliance with California law, Plaintiff will return to shop for Saks Fifth Avenue-branded merchandise at Off Fifth.

FACC ¶ 18.

Relying on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), Plaintiff argues he plausibly alleges he faces concrete imminent future harm on his ability to rely on Defendant's price tags.

The court in *Davidson* held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm. 889 F.3d at 969 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). The court reasoned that [k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id*.

Taking Plaintiff's allegations as true, the Court finds that Plaintiff would not be able to determine whether the listed "Market Price" is a bona fide or false reference price inflating the amount of the discount during future purchases. Accordingly, the Court finds Plaintiff has standing to seek injunctive relief.

## II. Motion to Strike

Defendant seeks an order striking Plaintiff's request for disgorgement under Federal Rule of Civil Procedure 12(f). A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *See LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); *See also Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

Defendant maintains the UCL limits relief to injunctions and restitution but Plaintiff asserts he is entitled to both restitution and disgorgement in the FACC. While restitutionary disgorgement may be recovered under the UCL, Defendant contends Plaintiff's request for disgorgement is not limited to money he paid Defendant but, instead, seeks all funds "associated" with the supposedly unfair competition. Therefore, Defendant argues, Plaintiff's claim for disgorgement is improper and should be stricken from the complaint under rule 12(f).

Relying on the Ninth Circuit's holding in the *Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 971 (9the Cir. 2010), Plaintiff argues Defendant's motion to strike the request for disgorgement as a matter of law should be denied as procedurally improper. Additionally, Plaintiff argues he properly pleads a request for restitutionary disgorgement. He contends his allegations make it clear he seeks an order to "restore the money the Plaintiff and the Class lost as a result of Saks' discounting scheme." Opp. at 5 (Doc. No. 64). While his allegations of the complaint reference Defendant's revenues, Plaintiff maintains, Defendant fails to demonstrate prejudice.

In reply, Defendant argues the holding in *Whittlestone* is inapplicable and its motion to strike is procedurally proper under Rule 12(f). Additionally, Defendant argues Plaintiff requests nonrestitutionary disgorgement because he seeks disgorgement of all profits not just what he spent. Defendant also argues there is no Ninth Circuit authority requiring a showing of prejudice.

In *Whittlestone*, the Ninth Circuit held that Rule 12(f) does not authorize courts to strike requests for damages on the ground the request is precluded as a matter of law. The Ninth Circuit explained that allowing litigants to use 12(f) to dismiss some of a pleading would create redundancies in the Federal Rules of Civil Procedure because Rule 12(b)(6) already serves that purpose. 618 F.3d at 974. The court reasoned that the damages the defendant requested be stricken did not fall under the five categories enumerated by Rule 12(f). *Id*. Instead, the defendant's motion to strike argued the damages were prohibited by the contract at issue in the case, and, therefore, the court determined, the motion to strike was essentially an attempt to dismiss or obtain summary judgment. *Id*.

Here, Defendant seeks to strike the request for disgorgement as barred by law but also refers to the immaterial and impertinent categories of Rule 12(f). A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being plead," and "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994). In *Whittlestone*, the claim for damages related directly to the underlying claim for relief and harm being alleged and, therefore was neither immaterial nor pertinent. Determination of whether the plaintiff's request for damages was proper in that case required the court to interpret the contract at issue in the breach of contract action.

Unlike *Whittlestone*, whether disgorgement is recoverable does not require this Court to analyze the underlying causes of action. As such, the Court finds Defendant's motion does not seek to dismiss or grant summary judgment as to any claims asserted by Plaintiff and is not procedurally improper.

Generally, prevailing plaintiffs are "limited to injunctive relief and restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). While a plaintiff may seek disgorgement to the extent it constitutes restitution, nonrestitutionary disgorgement is unavailable. *Id*. at 1145, 1152. According to the allegations of the complaint, Plaintiff seeks disgorgement of "all profits of Defendant's revenues associated

with its unfair competition." FACC ¶ 66. Plaintiff also seeks "all profits and unjust enrichment that Defendant[] obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices. . ." *Id*. ¶ 78. Plaintiff's request for profits Defendant obtained from Plaintiff in paragraph 78 of the complaint appears to be restitutionary. The request for restitutionary disgorgement is related to his claims for relief and, therefore, are not subject to being stricken under Rule 12(f). Conversely, Plaintiff's allegation in paragraph 66 of the complaint seeking "all profits of Defendant's revenues" is not restitutionary.

While Plaintiff concedes the request is not restitutionary, he argues, the request should not be stricken because Defendant fails to demonstrate prejudice. Rule 12(f) does not require a showing of prejudice and there is no Ninth Circuit authority requiring a showing of prejudice to prevail on a Rule 12(f) motion. However, some district courts will require a showing of prejudice before granting relief under Rule 12(f) because motions to strike are generally disfavored and often used as a delay tactic. *See Greenwich Ins. Co. Rodgers*, 729 F.Supp.2d 1158, 1162 (C.D.Cal. 2010); *Gaines v. AT&T Mobility Servs., LLC*, 424 F.Supp.3d 1004, 1014 (S.D.Cal. 2019); *Rivers v. County of Marin*, 2006 WL 581096 *2 (N.D.Cal. March 7, 2006). There is no indication that Defendant is using the motion to strike as a delay tactic and nonrestitutionary disgorgement has no bearing on the action.

Accordingly, IT IS HEREBY ORDERED Defendant's motion to strike is GRANTED as to nonrestitutionary disgorgement allegations in paragraph 66 of the Fourth Amended Complaint.

//
//
//
//
//
//

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **DENIED**;
2. Defendant's motion to strike is **GRANTED IN PART**.

DATED: May 16, 2023

_____
JOHN A. HOUSTON
United States District Judge